UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN ESPINO,

    Plaintiff,

v.

ERIC ARNOLD,

    Defendant.

No. 2:17-cv-2198 KJM AC P

ORDER

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 9, 2019, plaintiff filed a first amended complaint ("FAC"). ECF No. 17. For the reasons stated below, the FAC will not be served and plaintiff will be given a second and final opportunity to amend.

I.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

1 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.     PLEADING STANDARD

### A.     Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

////

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

III. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's FAC names as defendants the "Secretary of the Department of Corrections and Rehabilitation, et al.," former CSP-Solano Warden Eric Arnold, John Does 1 and 2, and Drs. N. Largoza and M. Lotersztain. See ECF No. 17 at 1-3. The claims arise from a vehicle accident that occurred in June 2016 as plaintiff was being transported to/from an off-site medical appointment by John Does 1 and 2. See generally id. at 4-5.

## IV. LEGAL STANDARD: DELIBERATE INDIFFERENCE

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong . . . "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844-45; see also Simmons v. Navajo County Ariz. 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See id. at 835.

////

////

V. DISCUSSION

    A. Claim One: Deliberate Indifference to Plaintiff's Safety

        1. Factual Allegations

Claim One asserts that plaintiff was injured as the result of defendants' deliberate indifference to his safety, in violation of his Eighth Amendment rights. Plaintiff alleges that on June 6, 2016, Does One and Two were responsible for his care and safety as they transported him to and/or from his medical appointment, and that they shirked that responsibility when they put him in the back of a prison van that had "an inadequate safety design" and seated him sideways in the vehicle without a seat belt. See ECF No. 17 at 4.

Plaintiff further alleges that defendant Does 1 and 2 actively agreed to chain him in the back of the medical transport van without seat belts. This positioning caused plaintiff to slide uncontrollably up and down the expanse of the van. As a result, when the van was in an accident, plaintiff was "jerked and slung all over the bed and against the metal walls" of the van. See id. at 4. Plaintiff was injured when the right side of his head hit the van walls. See id. at 4. He suffered whiplash, and preexisting problems with his lower back and right knee were exacerbated. See id. at 4.

The FAC asserts that defendants Arnold and the Secretary of the CDCR are "Liable Pursuant to Penal code § 5054: Control over State Prisons." ECF No. 17 at 4.

        2. Plaintiff Has Stated a Claim Against Does One and Two

The allegations state a cognizable Eighth Amendment claim against Does 1 and 2.[1] The failure of the Doe defendants to secure plaintiff with a seatbelt in the transport vehicle may constitute an obvious risk of harm. State law requires drivers and passengers to wear seatbelts in vehicles. See, e.g., Cal. Veh. Code § 27315(a), (d)(1) (2012). Plaintiff further alleges that he was

---

[1] Although plaintiff has stated a claim against the Doe defendants, due to the impossibility of serving an unknown individual, the court will not order service on the Doe defendants until plaintiff has identified them and filed a motion to substitute named defendants for the Doe defendants. Plaintiff should seek to discover the identities of the Doe defendants and move to substitute them into the case as soon as possible. See Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). If plaintiff is unable to identify defendant Does 1 and 2 before the end of discovery, the court will recommend that their dismissal.

"cuffed and chained" in a manner that prevented him from bracing himself in the event of an accident or sudden stop. For screening purposes only, these circumstances are sufficient to support a permissible inference of known or obvious risk. Plaintiff has adequately alleged harm from defendants' actions. Accordingly, plaintiff may proceed on this claim against the Doe defendants.

        3. <u>Plaintiff Has Not Stated a Claim Against the Secretary or Warden</u>

Plaintiff seeks to hold the CDCR Secretary and Warden Arnold liable for his injuries on the theory that they are responsible for prison operations under Cal. Penal Code § 5054. ECF No. 17 at 4. Section 5054 reads in relevant part: "[T]he supervision, management and control of the state prisons, and the responsibility for the care, custody, treatment, training, discipline and employment of persons confined therein are vested in the Secretary of the Department of Corrections and Rehabilitation." This statute does not create any private cause of action, nor any federal right that is enforceable under § 1983. It simply establishes the obligations of the Secretary under California law. An alleged failure to comply with a provision of state law, policy or practice by itself does not amount to a violation of a federal right. See <u>Lovell By and through Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir. 1996) (stating Section 1983 limits a federal court's analysis to deprivation of rights secured by Federal Constitution and laws).

Moreover, plaintiff cannot seek damages from any state officials in their official capacities (i.e., as Secretary or as Warden). The Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court. <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999) (citation omitted) (state agency immunity); see <u>Franchesi v. Schwartz</u>, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (arm of state immunity).

Finally, government officials are not liable in their personal capacities under § 1983 for the actions of their subordinates. <u>Iqbal</u>, 556 U.S. at 676. The cited provision of California law does not create an exception to this rule. Supervisory liability under § 1983 is limited to unconstitutional acts or omissions *of the supervisor*, and cannot be based solely on the actions of subordinates. <u>Iqbal</u>, 556 U.S. at 676.

////

In sum, neither the Secretary nor the Warden can be sued for the actions of their subordinates just because they were the people ultimately in charge. They can be sued only for their own personal actions or omissions. The FAC contains no allegations that the Secretary of CDCR or Warden Arnold were personally involved in, or directly responsible for, the manner in which plaintiff was transported on June 6, 2016. Accordingly, plaintiff has not stated a claim against these defendants. Plaintiff may attempt to amend his complaint as to these defendants, but should only do so if he is aware of facts demonstrating the Secretary and/or Warden's personal involvement in the incident.

### B. Claim Two: Medical Deliberate Indifference

#### 1. Factual Allegations

Claim Two challenges the adequacy, under the Eighth Amendment, of the medical care that plaintiff received after the accident from Doctors N. Largoza and M. Lotersztain. Plaintiff alleges that defendants were aware of the injuries plaintiff sustained to the right side of his head, as well as "whip lash" and the exacerbation of pre-existing back and knee problems. Defendants failed to adequately treat these new and aggravated injuries, and merely continued the medications previously prescribed for plaintiff's lower back and right knee pain. ECF No. 17 at 5.

#### 2. Plaintiff Has Not Stated a Claim Against Defendants Largoza and Lotersztain

As previously stated, to state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

A difference of opinion between a physician and a prisoner concerning what medical care is appropriate does not amount to deliberate indifference. Colwell v. Bannister, 763 F.3d 1060,

1068 (9th Cir. 2014); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. Lemire, 726 F.3d at 1082 (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

The conclusory allegations of the FAC demonstrate no more than a difference of opinion between plaintiff and the defendant doctors regarding appropriate treatment. The FAC provides no details regarding the treatment that defendants have provided, and in what way it is inadequate. While it is clear that plaintiff remains in pain and believes that different medication is warranted, the constitution is violated only where the course of pain treatment the doctors chose was "medically unacceptable under the circumstances." Jackson, 90 F.3d at 332. The few facts provided in the FAC do not support the proposition that any under-treatment of plaintiff's pain rose beyond the level of medical negligence, let alone that it did so with wanton disregard for plaintiff's suffering.

The FAC is an improvement over the original complaint in that it specifically identifies plaintiff's injuries and names the doctors responsible for the allegedly inadequate treatment. See ECF No. 9 at 8 (previous screening order). However, the facts regarding plaintiff's treatment remain inadequate to state a claim on which relief might be granted. Accordingly, plaintiff will be given a final opportunity to amend.

VI. LEAVE TO AMEND

A Second Amended Complaint will supersede the previous complaints, Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012), and therefore must include all claims and allegations including those previously found by the court to be sufficient to state a claim for relief. An Amended Complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. Local Rule 220.

A Second Amended Complaint must identify as defendants only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

## VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The First Amended Complaint states a claim against the two Doe defendants for deliberate indifference to your safety in violation of the Eighth Amendment. However, Doe defendants cannot be served until you discover their names or other identifying information.

You have not stated a claim against the CDCR Secretary or the Warden. These officials can't be sued for damages in their official capacities. You may try to sue them in their individual capacities only if you can honestly allege facts showing they were personally involved in the way you were transported on the day of the accident. If you know such facts, you may add them in a Second Amended Complaint. If you do not know such facts, you should drop these defendants. If you name them as defendants only because they were the people in charge of prison operations generally, it will be recommended that all claims against them be dismissed.

You have not stated a claim against Doctors Largoza and Lotersztain because the facts in the FAC show only that you think you should have gotten different treatment. You have not said what treatment you have received, what treatment you think you should have received, and why this difference is anything more than a difference of opinion. To state a claim for an Eighth Amendment violation, you must provide facts showing that the doctors' chosen course of treatment is outside the range of medically acceptable options.

You are being given 30 days to submit a Second Amended Complaint that tries to correct these problems. Be sure to include the claim against the transportation officers that the court has already found adequate to survive screening.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The First Amended Complaint will not be served;

////

////

9

2. Within thirty days of the date of this order, plaintiff may file a Second Amended Complaint.  Failure to file a Second Amended Complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: January 8, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE