UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ESPINO, | No. 2:17-cv-2198 KJM AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| ERIC ARNOLD, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's motion for a temporary restraining order. <u>See</u> ECF No. 25. For the reasons stated below, the court will construe the filing as a motion to compel discovery from the California Department of Corrections and Rehabilitation ("CDCR"). It will also order the Office of the Attorney General to make a special appearance and direct it to file a response to the motion on behalf of the CDCR.

I.   RELEVANT FACTS

Plaintiff alleges that transportation officers Doe One and Doe Two were deliberately indifferent to his care and safety when, on June 6, 2016, they intentionally cuffed and chained him sideways in the bed of a medical transport van without a seatbelt. Plaintiff alleges that he

1   was tossed around the interior of the van during transport, and that the van was involved in an
2   accident.  See ECF No. 17 at 4-5.  Plaintiff contends that as a result of the actions of Does One
3   and Two, he experienced severe head, neck, back and knee injuries.  See generally id.

4       The court has determined that plaintiff has stated cognizable deliberate indifference claims
5   against Doe One and Doe Two.  See ECF No. 20 at 5-6.  On January 9, 2020, plaintiff was told
6   that in order to proceed with service of this action, he would need to provide the identities of Doe
7   One and Doe Two.  See generally id. at 9.  Since then, plaintiff has diligently attempted to
8   discover the names of these two individuals, to no avail.  See ECF Nos. 21, 23, 25.

9   II.     DISCUSSION

10      The use of "John Doe" to identify a defendant is not favored.  Gillespie v. Civiletti, 629
11  F.2d. 637, 642 (9th Cir. 1980) (citation omitted).  However, in situations where the identity of a
12  defendant is not known prior to the filing of a complaint, a plaintiff "should be given an
13  opportunity through discovery to identify the unknown defendants unless it is clear that discovery
14  would not uncover the identities, or that the complaint would be dismissed on other grounds."
15  See Gillespie, 629 F.2d at 642; see generally Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.
16  2002).

17      Had cognizable claims been raised in this action against other named defendants, service
18  on those defendants could have occurred, and plaintiff could have sought out the identities of
19  Does One and Two during the discovery phase of these proceedings.  In this case, however, the
20  court has determined that the only individuals against whom plaintiff has stated cognizable claims
21  are Does One and Two.  See generally ECF No. 20.  This prevents service from occurring as an
22  initial matter, which, in turn, has stalled these proceedings.

23      "District courts have broad discretion to manage discovery and to control the course of
24  litigation under Federal Rule of Civil Procedure 16."  Hunt v. County of Orange, 672 F.3d 606,
25  616 (9th Cir. 2012) (citation omitted) (internal quotation marks omitted).  Furthermore, as a pro
26  se litigant, plaintiff is entitled to leniency.  See id.  To that end, the court opts to resolve the
27  instant motion to compel in plaintiff's favor and require the CDCR to respond to it.
28  ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction is construed as a motion to compel (ECF No. 25) is GRANTED IN PART as follows;

2. The Clerk of Court shall serve a copy of the first amended complaint (ECF No. 17) filed in this case together with a copy of this order on the current supervisor of civil rights actions at the Office of the Attorney General of the State of California, and

3. Within thirty days of the date of this order, the Office of the Attorney General shall make a special appearance to informally resolve and/or formally respond to substance of the motion for discovery.

DATED: February 11, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE