UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ESPINO, | No. 2:17-cv-2198 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| ERIC ARNOLD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are defendants' motion to compel, or in the alternative, motion to dismiss, and defendants' motion for summary judgment. ECF Nos. 46, 48. For the reasons stated below, plaintiff will be ordered to show cause why this matter should not be dismissed with prejudice for failure to prosecute. In the alternative, he will be given a final opportunity to respond to defendants' outstanding motions.

I. RELEVANT PROCEDURAL HISTORY

On April 21, 2022, defendants filed a motion to compel, or alternatively a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b). ECF No. 46. Because plaintiff failed to file a timely response to the motion as required by the Rules, on June 15, 2022, the court

ordered plaintiff to respond to it within thirty days. ECF No. 47 at 2. At that time, plaintiff was cautioned that failure to do so might result in dismissal of this case for failure to prosecute. Id.

To date, plaintiff has not filed a response to defendants' motion to compel. On August 9, 2022, defendants filed a notice of non-receipt of opposition to motion to compel. ECF No. 51. Defendants ask the court to dismiss this action in its entirety with prejudice for failure to prosecute. Id. at 4.

On August 2, 2022, defendants also filed a motion for summary judgment. ECF No. 48. To date, plaintiff has not filed a response to this motion and the twenty-one day period to do so has also expired. See generally Local Rule 230(l).

II. DISCUSSION

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On July 13, 2021, plaintiff was advised of this rule. See ECF No. 41 at 6-7.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order issued July 13, 2021, plaintiff was also advised that failure to comply with the Local Rules could result in a recommendation that the action be dismissed. ECF No. 41 at 8.

Because plaintiff has failed to respond to either of defendants' motions or to the court's order, he will now be ordered to show cause why the undersigned should not recommend that this action be dismissed with prejudice for failure to prosecute. In the alternative, plaintiff may file responses both to defendants' motion to compel and to defendants' motion for summary judgment. This is plaintiff's final opportunity to respond prior to a recommendation for dismissal.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, plaintiff shall show cause in writing why

1 | this case should not be dismissed with prejudice for failure to prosecute.

2 |     2.  In the alternative, within thirty days of the date of this order, plaintiff may file a response to defendants' motion to compel (ECF No. 46) and a response to defendants' motion for summary judgment (ECF No. 48).

    Plaintiff is cautioned that failure to respond to this order within the time allotted will result in a recommendation that this matter be dismissed with prejudice for failure to prosecute pursuant Federal Rule of Civil Procedure 41(b) and Local Rule 110.

DATED: September 26, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE