UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ESPINO,<br><br>            Plaintiff,<br><br>      v.<br><br>ERIC ARNOLD, et al.,<br><br>            Defendants. | No.  2:17-cv-2198 DAD AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court are defendants' motion to compel (or in the alternative, motion to dismiss) and defendants' motion for summary judgment.  ECF No. 46, 48.  For the reasons stated below, the undersigned will recommend that defendants' motion to dismiss be granted and that their motion for summary judgment be denied as moot.

I.     MOTION TO COMPEL OR, ALTERNATIVELY, TO DISMISS

On April 21, 2022, defendants filed the instant motion to compel plaintiff to respond to their written discovery or in the alternative, to dismiss.  ECF No. 46.  They request dismissal

////

////

1

pursuant to Federal Rule of Civil Procedure 37(b) and/or 41(b).[1]  See id. at 6-8.  In support of the motion, defendants state that plaintiff has failed to respond to six requests for production of documents, despite having been given several extensions of time to do so.[2]  Id. at 1-2.  To date, plaintiff has not filed a response to defendants' motion, nor has he requested an extension of time from the court to do so.  Given that the deadline for plaintiff to file a response to it has passed, the motion is deemed submitted.  See Local Rule 230(l).

## II.   DISCUSSION

### A.   Applicable Law

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  When determining whether to dismiss a case for failure to comply with a court order, a district court must consider the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

### B.   Analysis

Considering the Ferdik factors, defendants' motion to dismiss pursuant to Rule 41(b) should be granted for several reasons.  First, this case has been on the court's docket since 2017, and plaintiff's consistent failure to participate in the discovery process, despite having been given multiple opportunities to do so, both disregards the public's interest in quickly resolving this matter and impedes the court's ability to manage its docket efficiently.  Despite the fact that discovery began in July of 2021 (see ECF No. 41 – discovery and scheduling order), almost a year and a half later, plaintiff has not produced the discovery defendants have requested, nor has

---

[1]  Alternatively, defendants ask that the court either enter an order precluding plaintiff's claim arising from the June 6, 2016, vehicular collision or impose monetary sanctions on plaintiff to cover the costs for generating the instant motion.  ECF No. 46 at 8-9.

[2]  According to defendants, plaintiff was released from custody in October 2021.  ECF No. 46 at 1-2.  Defendants state that after locating plaintiff in November 2021, they re-served him with copies of certain discovery requests, and in April 2022, they deposed plaintiff.  Id.

he filed a response to defendants' motion to compel in order to facilitate resolution of the matter.

Next, the record demonstrates that defendants have been more than accommodating to plaintiff throughout these proceedings.  Defense counsel represents that between August 2021 and April 2022, defendants timely served their discovery requests, attempted to meet and confer with plaintiff on more than one occasion regarding his failure to respond to their requests, and agreed to multiple extensions of time for plaintiff to respond to them.  See ECF No. 46 (declaration of counsel) at 10-12.  Plaintiff has not disputed these representations.

To require defendants to continue to defend against this action and incur litigation costs[3] is prejudicial to defendants, particularly in light of plaintiff's apparent abandonment of his case.  Furthermore, plaintiff's failure to continue to prosecute this action renders consideration of public policy favoring disposition of cases on their merits no more than a perfunctory consideration.

Finally, it appears that dismissing this matter, though drastic, is the only suitable option remaining.   O more than one occasion, plaintiff has been warned that his failure to comply with court orders and rules and/or to participate in this action could result in dismissal of his case.  For example, on June 15, 2022, plaintiff was ordered to file a response to the instant motion and was cautioned that his failure to comply with the court's order might result in dismissal.  Id. ECF No. 47 at 2.  Plaintiff has not responded to that order in any way.  And on September 27, 2022, plaintiff was given thirty days to show cause why this matter should not be dismissed for failure to prosecute.  See ECF No. 53 at 2-3.  Once again, plaintiff was told that failure to respond to the court's order would result in a recommendation that this matter be dismissed for failure to prosecute.  Id.  To date, plaintiff has not responded to that order.

Failing to comply with court orders and rules can be grounds for sanctions.  Fed. R. Civ. P. 41(b); Local Rule 110.  Because plaintiff has repeatedly failed over an extended period to comply this court's orders and with federal and local rules, the sanction of dismissal is appropriate.  For these reasons, the undersigned will recommend that defendants' motion to dismiss be granted.  Because dismissal of this action will render defendants' motion for summary

---

[3] Counsel for defendants indicates that she spent four hours preparing the instant motion to dismiss at a cost of $880.00.  ECF No. 46 at 12.

judgment moot, it will also be recommended that it be denied as such.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 46) be GRANTED;

2. Defendants' motion for summary judgment (ECF No. 48) be DENIED as moot; and

3. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE